Town of Paris v. Farmers' Bank of Missouri.

———◦◦◦◦———

THE TOWN OF PARIS, Respondent, v. FARMERS' BANK OF MISSOURI, Appellant.

1. By the thirty-second section of the first article of the act of the general assembly concerning banks and banking, approved March 2, 1857, (Sess. Acts, 1857, p. 22,) the banks were exempted from taxation for state purposes alone. The shares of stock in said banks, and the money and notes of other banks in their possession, are subject to taxation for local, municipal purposes.

2. The town of Paris is authorized by its charter to tax for municipal purposes the money and bank notes of the other banks in possession of the branch at Paris of the Farmers' Bank of Missouri.

*Appeal from Monroe Circuit Court.*

This was an agreed case between the town of Paris and the Branch of the Farmers' Bank of Missouri located at Paris, designed to test the question of the right of the former to tax the money and effects of the latter. The facts agreed upon are substantially as follows: The town of Paris was incorporated by an act of the general assembly approved November 19, 1855. (Sess. Acts, 1855, p. 172.) By the tenth section of its charter, the council of the town was empowered " to levy and collect taxes on all real and personal property within the town, not exceeding one-half of one per cent. upon the assessed value thereof." The Branch of the Farmers' Bank at Paris was established and went into operation in 1858. In April, 1860, the authorities of the town of Paris, by ordinance, levied a tax of one-third of one per cent. " upon all real and personal property within the corporate limits of said town," &c. Under the authority of this ordinance the proper officer assessed for the year 1860, against the defendant, on gold and silver coin and bank notes of banks other than defendant and belonging to defendant. The defendant refused to pay the tax assessed on the ground that said money and effects were not subject to taxation for town purposes. The court gave a judgment for the plaintiff.

*G. Porter*, for appellant.

I. The thirty-second section of the first article of the banking act was manifestly intended to exempt the banks from all other taxes or impositions in the shape of taxes, upon the the condition that the one per cent. was annually paid into the state treasury. (See Angell & Ames on Corp. 260; 3 How. 133; 4 Pet. 514; 7 Pet. 514; 7 Ired. 55; 9 Yerg. 490; 2 Har. 80; 1 Zabr. 557; 7 Dana, 342.) It can hardly be supposed that the legislature intended to give the town corporation power to tax objects exempt from taxation for ordinary public uses. The authority given to the plaintiff to levy and collect taxes did not empower plaintiff to levy and

collect taxes from the moneys in the vaults of defendant. The provision of the revised code defining personal property to include money does not apply. It would be plainly repugnant to the intent of the legislature and the context of the same statute. Money is not the subject of " assessment," or " valuation." The charter was passed November 19, 1855, and the act giving the extended and arbitrary construction to the words " personal property" was passed December 6, 1855. The charter should be interpreted according to the rules in force at the time it took effect. Prior to 1845 money was not subject to taxation. By the terms of the town charter and the ordinances, money is not embraced as an object of taxation, but is excluded.

*C. D. Drake*, for respondent.

I. Exemptions from taxation are to be strictly construed. (State v. Newark, 2 Dutcher, 519 ; Indianapolis v. McLean, 8 Ind. 328 ; N. Y. & E. Railroad Co. v. Sabin, 26 Penn. Stat. 242.) The bonus prescribed in the thirty-second section of the banking law is in full of all taxes to be paid *the state*. The charter of the town of Paris authorized the town to levy a tax on all real and personal property within the town. This would include the property of the bank. Money and bank notes of other banks are personal property subject to taxation. Whether such money or notes were property susceptible of being assessed is not a question presented by the record. The charter was in existence when the banking law was passed. The right of the town to tax *all* personal property was not taken away. The exemption applies to taxes levied by the state.

Ewing, Judge, delivered the opinion of the court.

This was an action to recover the amount of a tax levied by the town of Paris on money and bank notes in the possession of the Branch of the Farmers' Bank situated at that place, the notes being those of other banks.

The town charter empowers the council " to levy and col-

lect taxes on all real and personal property within the town, not exceeding one-half of one per cent. upon the assessed value thereof." In the case of the Mayor of the City of Lexington et al. v. Aull, lately decided at Jefferson city,* it was held that the thirty-second section of the first article of the general banking law of this state exempted the banks therein mentioned from taxation *by the state* only. This authority is decisive of the main questions involved in the case at bar. In that case the city authorities sought to levy the tax on the shares of stock held in the bank; in this, the tax was levied on money and bank notes only.

We think it is clear, that, under the provision of the town charter referred to, money and bank notes are taxable as personal property.

Judgment affirmed; the other judges concurring.

---

* See City of Lexington v. Aull, ante, p. 480.—[REP.